# United States District Court

| MIDDLE | District of | TENNESSEE |

UNITED STATES OF AMERICA

V.

CASSIE MARIE SIMPKINS

**JUDGMENT IN A CRIMINAL CASE**
(*REVOCATION OF SUPERVISED RELEASE*)

Case Number: 3:12-00102

USM Number: 04919-061

R. David Baker
Defendant's Attorney

**THE DEFENDANT:**

__X__ pleaded guilty to violating the following conditions of supervised release:

**The defendant is adjudicated guilty of these violations:**

1. Defendant shall not commit another federal, state, or local crime. (On November 12, 2013, Defendant was found guilty of one count of Theft of Merchandise in Davidson County Criminal Court. On February 12, 2013, Defendant was found guilty on a DUI Charge in Davidson County Criminal Court.)
2. Defendant shall participate in a program of drug testing and substance abuse treatment. (Defendant failed to report for random testing on nine occasions between November 2011 and May 2012.)
3. Defendant shall not unlawfully possess a controlled substance. (On December 13, 2011, Defendant submitted a urine screen that tested positive for marijuana. On May 5 2012, a urine screen tested positive for cocaine.)
4. Defendant shall not associate with any person engaged in criminal activity. (On July 28, 2012, Defendant knowingly engaged in criminal activity by shoplifting with her roommate, whom Defendant knew had at least one felony conviction.)
5. The Defendant shall notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement officer. (Defendant failed to report a search made by Wilson County Sheriff Deputies at her residence, a traffic stop and a domestic disturbance with her roommate. Defendant also failed to report August 29, 2012, arrest for driving under the influence.)
6. The Defendant shall pay a $100 special assessment fee. (Defendant has promised she would begin to make payments, but has not yet done so.)
7. The Defendant shall not leave the judicial district without the permission of the of Court or probation officer. (In September 2012, the Defendant was reported to have left the state of Tennessee and moved back to Ohio.)
8. The Defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. (On September 22, 2012, the probation officer was informed by the assistant property manager that Defendant had vacated her apartment on September 14, 2012.)
9. The Defendant failed to surrender on a Court issued Summons.

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in economic circumstances.

October 4, 2013
Date of Imposition of Judgment

*Kevin H. Sharp*
Signature of Judge

Kevin H. Sharp, U.S. District Judge
Name and Title of Judge

October 8, 2013
Date

DEFENDANT: CASSIE MARIE SIMPKINS
CASE NUMBER: 3:12-00102

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of four months.**

__X__ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that Defendant receive credit for time served since August 23, 2013.**

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district:

    ____ at _____ ____ a.m. ____ p.m. on _____

    ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ____ before 2 p.m. on_____

    ____ as notified by the United States Marshal.

    ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CASSIE MARIE SIMPKINS
CASE NUMBER: 3:12-00102

# SUPERVISED RELEASE

**Upon release from imprisonment, the Defendant shall not be placed on any further term of supervised release.**